**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bradford DAVIDSON,**
**Defendant-Appellant.**

**No. 84–3263.**

United States Court of Appeals,
Sixth Circuit.

Argued March 13, 1985.
Decided April 17, 1985.

---

Timothy Howard (lead), Cleveland, Ohio, Edwin H. Jacobs, argued, Shaker Heights, Ohio, for defendant-appellant.

J. Matthew Cain, Asst. U.S. Atty., Cleveland, Ohio, Marcia Harris, argued, for plaintiff-appellee.

Before MERRITT, Circuit Judge, PHILLIPS and PECK, Senior Circuit Judges.

MERRITT, Circuit Judge.

In this two count mail fraud case arising from the efforts of the defendant, Bradford Davidson, to collect fire insurance on a commercial building which he caused to be burned down, the defendant appeals his conviction on grounds that the government did not prove through admissible evidence that the defendant caused government exhibits five and seven to be mailed or that they were, in fact, mailed. From this argument he argues further that the government failed to prove the required element of mailing or use of the mails, one of the two essential elements of a mail fraud case under 18 U.S.C. § 1341.

The two documents offered by the government to satisfy the mail requirement of the two counts are Exhibit 5, a document purportedly signed by the defendant employing an adjusting company to represent him in collecting the loss, and Exhibit 7, a schedule of items lost in the fire. The government's theory of the case is that these two documents were mailed by the defendant's adjusting company to the insurance company's adjuster. In order to prove the mailings, the government called the insurance company's supervising adjuster, who was in charge of the office which received Exhibits 5 and 7. He testified that based on personal knowledge, as well as notations on the documents, they were received by his office in the mail.

The defendant argues that the documents are hearsay and are not admissible under the business records exception to the hearsay rule. He argues further that the documents do not establish, even if admissible, the mailing element because there is no evidence linking the documents directly to the defendant. The defendant argues that the adjusting company which sent the employment contract and the schedule to the insurance company's adjuster could have been acting as an intermeddler and hence that there is no proof that the adjusting company actually represented the defendant or that the defendant caused the mail to be used by the adjusting company.

■ We do not agree with these arguments. The insurance company's supervising adjuster testified that Exhibits 5 and 7 were received in the mail in the regular

course of business. With respect to Exhibit 7, the government introduced the envelope itself showing on its face that the schedule was stamped and mailed. The supervising adjuster was the office manager of the office which received and retained the records in the ordinary course of business. The defendant offered no rational argument against applying the business records exception to the hearsay rule. Therefore, Exhibits 5 and 7 are not inadmissible hearsay.

The defendant's argument that the proof does not connect him to the mailings is likewise in error. Exhibit 5 is an employment contract between the defendant and the adjusting company that mailed Exhibits 5 and 7. From this evidence, the jury was entitled to infer that the defendant employed the adjusting firm and authorized it to take the steps necessary to collect the fire loss, including the use of the mails. The defendant should have reasonably anticipated that the adjusting company hired by him would use the mails, as it did, to collect the fire loss. Reasonable anticipation that the mails will be used satisfies the mailing element under section 1341. *See Pereira v. United States,* 347 U.S. 1, 8–9, 74 S.Ct. 358, 362–363, 98 L.Ed. 435 (1954). The *Pereira* case makes it clear that the defendant does not himself have to have dropped the letter in the mail. Mail fraud only requires that the defendant reasonably anticipate, or as a reasonable person foresee, the use of the mails.

From the evidence introduced by the government, the jury could have reasonably inferred that the defendant employed his own adjusting firm authorizing the firm to take whatever steps necessary to collect the fire loss, including the use of the mails. Exhibits 5 and 7 are documents from which the jury could infer that the adjusting company hired by defendant did, in fact, use the mails to forward to the insurance company's adjusting firm schedules of losses and other items necessary to collect the loss.

Accordingly, the judgment of the District Court upon the jury verdict is affirmed.